UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF VIRGINIA
Richmond Division

In re: Douglas Walley and                          Case No. 11-36615-KLP
      Michaelyn Diane Walley,                    Chapter 13
          Debtors.

## MEMORANDUM OPINION AND ORDER

Debtors Douglas Walley and Michaelyn Diane Walley filed their chapter 13 bankruptcy case on October 19, 2011, and their Chapter 13 plan was confirmed on January 11, 2012. On June 27, 2014, the Debtors amended Schedule B to add as joint assets a $4,575.00 Money Market Account (the "Money Market Account") and $7,925.00 in equity in a 2007 Nissan Altima (the "Altima"). At the same time, they also amended Schedule C to claim those assets (jointly, "the Assets") as exempt.

An exhibit to Amended Schedule C states that the Debtors obtained the Assets as the result of a personal injury claim arising from a postpetition vehicle accident on October 11, 2012, in which Debtor Douglas Walley was injured and his 2005 Dodge vehicle totaled.[1] The insurance payment resulting from the accident was in two parts, a $6,719.84 property damage payment and a $37,142.00 personal injury settlement (jointly, the "Insurance Proceeds"). Debtor Douglas Walley used some of the Insurance Proceeds to purchase a replacement vehicle, the Altima, for a total price of $9,855.75. From the personal injury settlement, he paid $22,874.50 in medical bills

---

[1] In the original schedules, the now-totaled 2005 Dodge was listed as property of Debtor Douglas Walley.

1

incurred as a result of the accident. The exhibit to Amended Schedule C states that the remaining funds were placed into the Money Market Account and the Debtors "have been using those funds from time to time to supplement their living expenses and the direct plan payments especially since…Mr. Walley was out of work…as a result of the accident."[2]

In Amended Schedule C, the Debtors assert that the Money Market Account is exempt under Va. Code Ann. § 34-28.1, which provides that "all causes of action for personal injury or wrongful death and the proceeds derived from the court award or settlement shall be exempt from creditor process…." Debtors claim that the Money Market Account may also be exempt under Va. Code Ann. § 34-4, which provides a $5,000.00 exemption for a householder's "real and personal property."

The Debtors claim that the Altima is exempt under the "tools of the trade" exemption of Va. Code Ann. § 34-26(7)[3] and the "personal injury and wrongful death" exemption of Va. Code Ann. § 34-28.1. The Debtors further claim that the Altima is exempt under the $5,000 exemption of Va. Code Ann.

---

[2] Although the Debtors listed the Assets as joint assets, the Court notes that it would appear that the Insurance Proceeds are the sole property of Debtor Douglas Walley. This discrepancy, however, does not affect the analysis of this opinion.

[3] Va. Code Ann. § 34-26(7) allows a debtor to exempt:
"Tools, books, instruments, implements, equipment, and machines, including motor vehicles, vessels, and aircraft, which are necessary for use in the course of the householder's occupation or trade not exceeding $10,000 in value, except that a perfected security interest on such personal property shall have priority over the claim of exemption under this section. A motor vehicle, vessel or aircraft used to commute to and from a place of occupation or trade and not otherwise necessary for use in the course of such occupation or trade shall not be exempt under this subdivision. "Occupation," as used in this subdivision, includes enrollment in any public or private elementary, secondary, or career and technical education school or institution of higher education."

§ 34-4.  In addition, in the exhibit to Amended Schedule C, they claim an exemption based upon Va. Code Ann. § 34-26(8), which allows a $6,000.00 exemption in a motor vehicle.

The chapter 13 trustee has objected to the exemptions claimed by the Debtors, asserting that only property owned at the time of the filing of the chapter 13 petition may be claimed as exempt.  He argues that exemptions are determined at the commencement of the case and because the Assets were acquired postpetition, they cannot be exempted.[4]  The trustee has not asserted any other grounds for his objection, including the inapplicability of any specific exemption scheme, and the only issue before the Court is whether the Debtors are entitled to claim an exemption in property acquired postpetition.[5]

The Bankruptcy Code authorizes an individual debtor to claim exemptions in certain specified property.  With limited exceptions, property that is properly exempted is not "liable during or after the case for any debt of the debtor that arose . . . before the commencement of the case . . . ."  11 U.S.C. § 522(c).[6]  Section 522(b) of the Bankruptcy Code provides in part that:

> **(b)(1)** Notwithstanding section 541 of this title, an individual debtor may exempt from property of the estate the property listed in either paragraph (2) or, in the alternative, paragraph (3) of this subsection….

---

[4] The trustee has not objected to or otherwise disputed the inclusion of the Assets in Schedule B and maintains, properly, that the Assets are property of the estate.

[5] The trustee suggests that he may, in the future, seek a modification of the Debtors' plan based on a change in circumstances, but that issue is not presently before the Court.

[6] Unless otherwise noted, all references to the Bankruptcy Code are to 11 U.S.C. §§ 101-1532.

3

      **(2)** Property listed in this paragraph is property that is specified under subsection (d), unless the State law that is applicable to the debtor under paragraph (3)(A) specifically does not so authorize.

      **(3)** Property listed in this paragraph is--

          **(A)** subject to subsections (o) and (p), any property that is exempt under Federal law, other than subsection (d) of this section, or State or local law that is applicable on the date of the filing of the petition to the place in which the debtor's domicile has been located for the 730 days immediately preceding the date of the filing of the petition or if the debtor's domicile has not been located in a single State for such 730-day period, the place in which the debtor's domicile was located for 180 days immediately preceding the 730-day period or for a longer portion of such 180-day period than in any other place;

          **(B)** any interest in property in which the debtor had, immediately before the commencement of the case, an interest as a tenant by the entirety or joint tenant to the extent that such interest as a tenant by the entirety or joint tenant is exempt from process under applicable nonbankruptcy law; and

          **(C)** retirement funds to the extent that those funds are in a fund or account that is exempt from taxation under section 401, 403, 408, 408A, 414, 457, or 501(a) of the Internal Revenue Code of 1986.

11 U.S.C. § 522(b).

This section requires a debtor to claim exemptions under the federal scheme set out in § 522(d) or, if the law of the state so requires, under the state exemption scheme. Va. Code Ann. § 34-3.1 mandates that a debtor claim exemptions according to Virginia law, thus making § 522(b)(3) and the Virginia exemption schedule set forth in Title 34 of the Virginia Code (Va. Code Ann. §§ 34-1 through 34-34) applicable.

The exemptions allowed by § 522 and Virginia exemption statutes may be claimed in "property of the estate." "Property of the estate" is defined in

§ 541 of the Bankruptcy Code:

> **(a)** The commencement of a case under section 301, 302, or 303 of this title creates an estate. Such estate is comprised of all the following property, wherever located and by whomever held:
> **(1)** Except as provided in subsections (b) and (c)(2) of this section, all legal or equitable interests of the debtor in property as of the commencement of the case.
> **(2)** All interests of the debtor and the debtor's spouse in community property as of the commencement of the case that is-
> **(A)** under the sole, equal, or joint management and control of the debtor; or
> **(B)** liable for an allowable claim against the debtor, or for both an allowable claim against the debtor and an allowable claim against the debtor's spouse, to the extent that such interest is so liable.
> **(3)** Any interest in property that the trustee recovers under section 329(b), 363(n), 543, 550, 553, or 723 of this title.
> **(4)** Any interest in property preserved for the benefit of or ordered transferred to the estate under section 510(c) or 551 of this title.
> **(5)** Any interest in property that would have been property of the estate if such interest had been an interest of the debtor on the date of the filing of the petition, and that the debtor acquires or becomes entitled to acquire within 180 days after such date--
> **(A)** by bequest, devise, or inheritance;
> **(B)** as a result of a property settlement agreement with the debtor's spouse, or of an interlocutory or final divorce decree; or
> **(C)** as a beneficiary of a life insurance policy or of a death benefit plan.
> **(6)** Proceeds, product, offspring, rents, or profits of or from property of the estate, except such as are earnings from services performed by an individual debtor after the commencement of the case.
> **(7)** Any interest in property that the estate acquires after the commencement of the case.

11 U.S.C. § 541(a). In addition to the property listed in § 541, in a chapter 13 case, property of the estate includes "[a]ll property of the kind specified in

[section 541] that the debtor acquires after the commencement of the case but before the case is closed, dismissed, or converted . . . ." 11 U.S.C. § 1306(a)(1).

The Fourth Circuit, in *Carroll v. Logan*, 735 F.3d 147 (4th Cir. 2013), addressed the interplay of §§ 541 and 1306 with respect to property acquired postpetition. In that case, the issue was whether the definition of "property of the estate" set forth in § 1306 overrides the 180-day temporal restriction of § 541(a)(5) for certain property acquired postpetition. In determining that it does, the Fourth Circuit concluded that property acquired by a chapter 13 debtor postpetition becomes property of the estate pursuant to § 1306, noting that "[i]n essence, Section 1306 is a straightforward formula for calculating Chapter 13 estates: A Chapter 13 Bankruptcy Estate = Property described in Section 541 + The Kind of Property . . . described in section 541 and acquired before the Chapter 13 case is closed, dismissed, or converted." *Id.* at 150.

Under *Carroll v. Logan*, the Insurance Proceeds and the assets acquired therefrom are property of the Debtors' estate, since property of the estate includes, pursuant to § 1306, property acquired after the filing of the petition but before the case is closed or dismissed. Therefore, under § 522(b), which specifically provides that a debtor may exempt property from property of the estate, the Debtors may claim an exemption in the Altima[7] and the Money Market Account.[8]

---

[7] Under § 541(a)(6), property of the estate includes "proceeds" of property of the estate. The record does not indicate to what extent the Altima was purchased with proceeds derived from insurance coverage of the 2005 Dodge, but to the extent property damage

6

The trustee has provided the Court with scant authority to support his argument that a chapter 13 debtor may not exempt property acquired postpetition. He argues that the language of § 522(b)(3)(B), which includes the phrase "any interest in property in which the debtor, had, immediately before the commencement of the case. . .." is a limitation on a debtor's ability to claim property as exempt. A careful reading of that language reveals that it is specifically applicable only to interests of debtors in jointly held property or property held as tenants by the entirety and does not apply to other property. Section 522(b)(3)(B) is not a blanket prohibition that prevents an individual debtor from claiming an exemption in any property other than property the debtor had at the commencement of his case. [9]

---

insurance proceeds were utilized in the purchase, the Altima would be considered property of the estate pursuant to § 541(a)(6).

[8] The language of Rule 1007(h) of the Federal Rules of Bankruptcy Procedure further suggests that the drafters contemplated that a debtor might claim exemptions in property acquired postpetition. Rule 1007(h) provides that a debtor must file supplemental schedules if property of the type described in § 521(a)(5) is acquired postpetition, and "[i]f any of the property required to be reported under this subdivision is claimed by the debtor as exempt, the debtor shall claim the exemptions in the supplemental schedule." *Accord In re Cutignola*, 450 B.R. 445, 448 (Bankr. S.D.N.Y. 2011).

[9] The Court is aware of a handful of cases addressing the effect of § 1306 and an individual's ability to exempt property acquired postpetition. Cases disallowing the exemption of property acquired position include *In re Aristondo*, No. 11-14550PM, 2011 WL 4704218, at *1 (Bankr. D. Md. Oct. 4, 2011) (finding that specific language of the Maryland exemption statute did not provide for an exemption of a postpetition tax refund on postpetition earnings) and *In re Thurston*, No. 99-11836-JNF, 2007 WL 1860892, at * 8 (Bankr. D. Mass. June 27, 2007) (finding that Massachusetts homestead exemption statute did not allow for the exemption of cash proceeds). The previous cases interpret specific state exemption statutes from other jurisdictions and are not persuasive in this case. Cases finding that such an exemption may be allowed include *In re Hoffmeister*, 98 F.3d 1349 (10th Cir. 1996) (unpublished table opinion) (addressing exempt status of insurance proceeds arising from postpetition property damage, the court found that "§ 1306 brings them under the court's jurisdiction, so that any claim of exemption must be determined at the time of acquisition."), and *In re Taylor*, No. 10-60012-EJC, 2014 WL 7246122 (Bankr. S.D. Ga. Dec. 18, 2014) (allowing Georgia statutory exemption in life insurance proceeds "to the extent reasonably necessary for the support of the debtor" (Ga. Code Ann § 44-13-100(a)(11)(C)) for proceeds a debtor received postpetition and outside of the 180-day period of § 541(a)(5)).

7

The trustee cites multiple cases which discuss whether a trustee may succeed in an objection to confirmation or a motion to modify a confirmed chapter 13 plan on the grounds that the debtor acquired property postpetition, even when the debtor has been allowed to exempt the postpetition property.[10] The Court has reviewed those cases and notes that in none of those cases did the courts find that a chapter 13 debtor may not claim an exemption in property acquired postpetition. Rather, those cases suggest that claiming an exemption in postpetition assets would be proper.[11]

The Fourth Circuit in *Carroll v. Logan* has made it clear that under § 1306(a), property of the estate includes property "described in section 541" that is acquired by a chapter 13 debtor after the case is filed but before the case is closed, dismissed or converted. Section 522(b) entitles an individual to exempt assets from "property of the estate." There is nothing in the language of §§ 1306 or 541 to suggest that Congress intended to limit an individual's exemptions to only that property of the estate owned at the commencement of the case and to deny the debtor the opportunity to assert any remaining allowed exemptions in property of the estate acquired after the bankruptcy filing. Therefore,

---

[10] In finding that a trustee may not succeed in an objection to confirmation or a motion to modify a confirmed chapter 13 plan on the basis of a postpetition asset for which an exemption was claimed and to which exemption the trustee did not timely object, the bankruptcy courts have tacitly admitted that such an exemption might be proper. *See, e.g., In re Daniels*, No. 11-08830-8-RDD, 2013 WL 365107 (Bankr. E.D.N.C. Jan. 29, 2013); *In re Springer*, 338 B.R. 515 (Bankr. N.D. Ga. 2005); *In re Graham*, 258 B.R. 286 (Bankr. M.D. Fla. 2001).

[11] The trustee's memorandum also cites cases addressing whether exempt property may be included as disposable income in a chapter 13 case, an issue that is not currently before the Court, as there is a confirmed plan and no pending modification motion.

**IT IS ORDERED** that the trustee's objection to exemption is

**OVERRULED**.

Signed: February 11, 2015

/s/ Keith L. Phillips
United States Bankruptcy Judge

Copies:

Entered on Docket: February 11, 2015

John C. Moore
Coates & Davenport, P.C.
5206 Markel Road
Richmond, VA 23230

Douglas Walley
37 Stonewall Court
Mineral, VA 23117

Michaelyn Diane Walley
37 Stonewall Court
Mineral, VA 23117

Susan Hope Call
Chapter 13 Trustee's Office
919 East Main Street, Ste. 1601
P.O. Box 1819
Richmond, VA 23218

Carl M. Bates
P. O. Box 1819
Richmond, VA 23218